UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 07-47 (PAM/SRN)

                       Plaintiff,

v.                                                                  **MEMORANDUM AND ORDER**

Antonio Delgado-Herrera,

                       Defendant.

_____

      This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Susan R. Nelson, dated April 10, 2007, which recommends that the Court deny Defendant's Motion to Suppress Statements, Admissions, and Answers. For the reasons that follow, the Court adopts the R&R and denies the Motion.

## BACKGROUND

      Jerry L. Christenson is a special agent with the United States Immigration and Customs Enforcement Agency ("ICE"). Prior to working at ICE, he worked as an air marshal for four years and a police officer for nine years. On September 22, 2006, Agent Christenson interviewed Defendant at the Hennepin County Jail. At the beginning of the interview, Agent Christenson asked Defendant if he understood English. Defendant said he understood "some" English. Agent Christenson told Defendant that he would go through a Miranda waiver form with Defendant and that Defendant should tell him if he had any questions. Agent Christenson read the form to Defendant in English and asked whether Defendant understood his rights. Defendant said he did and signed the waiver form. Agent

Christenson believed from this initial interaction that he and Defendant could communicate effectively in English, and he therefore interviewed Defendant in English.   Defendant responded appropriately to all of Agent Christenson's questions, and he did not ask any questions during the interview.   Defendant did not seek to stop the interview and never indicated he was having difficulty with the interview being conducted in English.

On February 13, 2007, Defendant was charged by Indictment with one count of illegal reentry after deportation.   He subsequently moved to suppress his statement to Agent Christenson, arguing that he did not understand English sufficiently to make a knowing and intelligent waiver of his <u>Miranda</u> rights.   The Magistrate Judge recommended denying the motion, finding that the evidence supported Agent Christenson's determination that Defendant could understand and communicate effectively in English. Defendant's Objection to the R&R reiterates his argument that he did not knowingly and intelligently waive his <u>Miranda</u> rights.

## DISCUSSION

The Court has conducted a <u>de novo</u> review of the record.   <u>See</u> 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b).   Based on that review and after carefully considering the Objection and the Government's Response, the Court concurs with the R&R.

A defendant's waiver of his constitutional right against self-incrimination must be knowing, intelligent, and voluntary.   <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966).   To satisfy the knowing and intelligent requirements, the waiver must be "made with a full awareness of both the nature of the right being abandoned and the consequences of the

decision to abandon it."  United States v. Syslo, 303 F.3d 860, 865 (8th Cir. 2002).

The Government has shown that Defendant's waiver was knowing and intelligent. Defendant told Agent Christenson that he understood some English, that he understood his Miranda rights, and that he was waiving those rights.  Defendant spoke English during the interview.  He answered questions appropriately and never indicated he was having difficulty with English.  Defendant never asked for an interpreter or sought to stop the interview.  In addition, Agent Christenson did not employ any coercive tactics, and there is no suggestion that Defendant has a diminished mental capacity.   Considering the totality of the circumstances, the Court finds that Defendant understood his Miranda rights and waived them knowingly and intelligently.  See United States v. Perez, 200 F.3d 576, 580 (8th Cir. 2000) (finding consent to search voluntary even though English was not the defendant's first language); United States v. Carrate, 122 F.3d 666, 670 (8th Cir. 1997) (finding consent to search voluntary despite the defendant's claim of limited ability to speak English).

## CONCLUSION

Defendant understood his Miranda rights and knowingly and intelligently waived those rights.  Thus, his statement to Agent Christenson is admissible.  Accordingly, **IT IS**

**HEREBY ORDERED** that:

1.    Defendant's Motion to Suppress Statements, Admissions, and Answers (Docket No. 13) is **DENIED**;

2.    The R&R (Docket No. 21) is **ADOPTED**; and

3.      Defendant's Objection (Docket No. 26) is **OVERRULED**.

Dated: May 23, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge